```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-60825-CIV-HUCK
                                    MAGISTRATE JUDGE P. A. WHITE

KEVIN BURKS JERSHUN,                :

     Plaintiff,                     :

v.                                  :
                                              REPORT OF
STATE OF FLORIDA,                   :       MAGISTRATE JUDGE

     Defendant.                     :
_____
```

## I. Introduction

The plaintiff Kevin Burks Jershun has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>           \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\*   \*   \*

(B) the action or appeal –

\*   \*   \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id.

This is the second case that the plaintiff has filed raising claims concerning his ongoing criminal proceedings and requirement

to register as a sex offender.  The plaintiff is currently detained in Broward County awaiting the disposition of pending criminal charges relating to the alleged failure to register as a sex offender.  He raises several claims challenging the legality of his arrest and detention and he maintains his innocence.

This complaint challenges the constitutionality of the plaintiff's detention and the criminal charges pending against him, and thus should not be considered at this time.  The plaintiff's claims necessarily call into question the legality or constitutionality of his pending criminal proceedings, and are barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Heck applies to suits filed by pretrial detainees.  Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996).

Pursuant to Heck, if a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. at 486-487.

The Court notes that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction. As a result, Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11 Cir. 2003) (citations and quotations omitted).  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a

4

§1983 action, even if successful, might not necessarily imply that the plaintiff's conviction was unlawful. See Wallace v. Smith, 145 Fed.Appx. 300, 301-302 (11 Cir. 2005). Courts must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted. Vickers v. Donahue, 137 Fed. Appx. 285 (11 Cir. 2005).

In this case, the plaintiff's allegations, including the legality of the arrest and his challenge to the alleged criminal conduct are precisely the type of claims that are barred under Heck, as the factual basis for the plaintiff's constitutional claims would inevitably undermine any conviction. Accordingly, the plaintiff's claims do not qualify for the Heck exception for Fourth Amendment claims. Because the plaintiff's detention has not been remedied by any of the procedures listed in Heck, his claims are premature and thus not cognizable under §1983 at this time.

Furthermore, principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. See Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. Id. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." Zalman v. Armstrong, 802 F.2d 199, 205 (6 Cir. 1986) (internal quotations omitted). The Supreme Court in Heck expressly recognized that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." Id. at n. 8 (emphasis added).

5

In this case, the state criminal proceedings are pending, and the plaintiff has an adequate opportunity to raise his constitutional claims in state court. There are no extraordinary circumstances that warrant federal intervention. The plaintiff can and should present his federal claims in his ongoing state court proceedings.

It is therefore recommended that the claims concerning the search and arrest be dismissed pursuant to Heck and Younger.

### III. Recommendation

Based on the foregoing, it is recommended that the Complaint [DE# 1] be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 6th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Kevin Burks Jershun, Pro Se
    No. 550801033
    Joseph V. Conte Facility
    P.O. Box 407016
    Ft. Lauderdale, FL 33340